Bernard S. Meyer, J.
This motion to vacate an order of preclusion dated November 2,1959 and for leave to plaintiff to serve a bill of particulars is granted to the extent of vacating the order of November 2,1959; otherwise denied. The action is one for personal injuries. Examinations before trial were conducted in December, 1957 and a note of issue served and filed on May 27, 1959. Thereafter by motion returnable at Special Term, Part I, on November 2, 1959, defendants moved for an order of preclusion. The moving papers on that motion did not reveal that the case was on the calendar and, there being no opposition, the order of November 2,1959 was entered.
Under paragraph (a) of subdivision (3) of the statement of readiness rule (App. Div., 2d Dept., Special Readiness Rule, adopted July 8, 1958, as amd.), the statement of readiness must *312 state that “ all necessary or proper preliminary proceedings allowed by statute and rule applicable to the action (Civil Prac. Act Secs. 288 to 309-a; Secs. 322 to 328; Rules of Civil Practice, 115 to 116, 121 to 142) * * * have been completed by all parties ”. The reference to rule 115 brings bills of particulars clearly within that provision. On receipt of the statement of readiness defendants, if a bill had not been filed, could only move to strike the action from the calendar (subcl. [5]) or if unusual circumstances indicated that defendant would be unduly prejudiced without ‘ ‘ further preliminary proceedings ’ ’ for an order granting permission to take such proceedings (subd. [9], par. [c]). In either case, however, the motion must be “ returnable in the calendar part ” (subds. [5] and [9], par. fc]).
It follows that Special Term was without jurisdiction to make the order of November 2, 1959 and that the order must, therefore, be vacated. Since the case is on the calendar, plaintiffs’ request for an order granting permission to serve a bill is superfluous. The foregoing is not intended, however, to prejudice such right as defendants may have under the rule to move at Trial Term, Part I, for a bill, should plaintiffs refuse voluntarily to serve one. The foregoing decision was prepared before receipt of a reply affidavit. The reply affidavit was submitted October 7, 1960, more than one week after the date for which permission was granted and has not been considered.